IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Civil Action No. _10cv 4673 (MJD/AJB)_ |
| | § | |
| *Ex rel.* | § | |
| Michael Dunn, | § | **FILED *IN CAMERA* AND** |
| | § | **UNDER SEAL** |
| Plaintiff, | § | |
| | § | **FALSE CLAIMS ACT** |
| vs. | § | **MEDICARE FRAUD** |
| | § | |
| North Memorial Health Care, and | § | **JURY TRIAL DEMANDED** |
| North Memorial Medical Center | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT PURSUANT TO 31 U.S.C. §§ 3729-3732 OF THE FEDERAL FALSE CLAIMS ACT

The United States of America, by and through qui tam relator Michael Dunn (Relator), brings this action under 31 U.S.C. §3729, *et seq.*, as amended (False Claims Act), to recover all damages, penalties and other remedies established by the False Claims Act on behalf of the United States.

### I. PRELIMINARY STATEMENT

1. This is an action to recover damages and civil penalties on behalf of the United States of America, for violations of the False Claims Act arising from false or fraudulent records, statements, or claims, or any combination thereof, made, used, or presented, or caused to be made, used, or presented, or any combination thereof, by the Defendants, their agents, employees, or co-conspirators, or any combination thereof under the Federal Medicare Program.

2. Specifically, Relator contends that Defendants knowingly submitted false or fraudulent claims to the United States Government through their cardiac and pulmonary rehabilitation programs, which do not meet Medicare regulations.



FILED 11/19/10
RICHARD D. SLETTEN
JUDGMENT ENTD _____
DEPUTY CLERK ___



3. This is an action for treble damages and penalties for each false claim and each false statement under the False Claims Act, 31 U.S.C. §3729, *et seq.*, as amended.

## II. PARTIES

4. Relator, Michael Dunn, was the Administrator for Cardiovascular Consultants (CVC) at North Memorial from October 1996 through August 2008. Mr. Dunn is a resident of Minnesota.

5. Defendants, North Memorial Health Care and North Memorial Medical Center (hereinafter collectively referred to as "North Memorial"), transact business in the District of Minnesota and are incorporated in Minneapolis, and may be served by serving Loren Taylor, chief executive of North Memorial, at 3300 Oakdale Avenue North, Minneapolis, Minnesota, 55422.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this lawsuit because this action is brought pursuant to 31 U.S.C. §3729 *et seq.* of the False Claims Act. Specifically, Defendants knowingly: (a) submitted, and continue to submit, and/or (b) caused and/or continue to cause to be submitted false or fraudulent claims to the United States Government regarding payment of cardiac rehabilitation programs and pulmonary rehabilitation programs that do not meet Medicare regulations, which constitute false claims under the False Claims Act.

7. Moreover, this Court has jurisdiction over the Defendants pursuant to 31 U.S.C. §3732(a) because Defendants have at least minimum contacts with the United States, and can be found in, reside in, transact or have transacted business in, the District of Minnesota.

8. There have been no public disclosures of the allegations or transactions contained herein that bar jurisdiction under 31 U.S.C. §3730(e). Additionally, Relator has direct and

independent knowledge of the information upon which the allegations contained herein are based.

9. Venue exists in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §1391(b) because: (a) North Memorial resides in this district; (b) all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. CONDITIONS PRECEDENT

10. Before filing this complaint, Relator served upon the United States a written disclosure setting forth and enclosing all material evidence and information he possesses, pursuant to 31 U.S.C. §3730(b)(2).

11. All other conditions precedent to bringing this action have been complied with.

## V. APPLICABLE LAW

### A. Medicare

12. Medicare is a public assistance program that provides payment of medical expenses for patients who qualify. Funding for Medicare is shared between the federal government and state governments. Every Medicare provider must agree to comply with all Medicare requirements in order to receive payment for services provided.

#### a. Cardiac Rehabilitation Programs

13. A cardiac rehabilitation program is a medically supervised program to help heart patients recover from heart problems and improve their overall physical health. Pursuant to the regulation regarding the conditions of coverage for cardiac rehabilitation programs, the patient's individualized treatment plan "must be established, reviewed, and signed by a physician every 30 days." 42 C.F.R. §410.49(b)(2)(v).

14. Furthermore, the cardiac rehabilitation services must be supervised by a physician and "all settings must have a physician immediately available and accessible for medical consultations and emergencies at all times when items and services are being furnished under the program." 42 C.F.R. §410.49(a) and (b)(3)(ii).

### b. Pulmonary Rehabilitation Programs

15. A pulmonary rehabilitation program is also a medically supervised program, which is intended to assist individuals living with a variety of pulmonary diseases. Pursuant to the regulation regarding the conditions for coverage for pulmonary rehabilitation programs, a patient participating in a pulmonary rehabilitation program must have an individualized treatment plan that is "established, reviewed, and signed by a physician, who is involved in the patient's care and has knowledge related to his or her condition, every 30 days." 42 C.F.R. §410.47(c)(5).

16. Additionally, the pulmonary rehabilitation services must be supervised by a physician who is "involved substantially, in consultation with staff in directing the progress of the individual in the program including direct patient contact related to the periodic review of [the patient's] treatment plan." 42 C.F.R. §410.47(e)(2).

### B. False Claims Act

17. The False Claims Act, as amended in 1986, is the primary tool through which the Government recovers losses sustained as a result of fraud against the United States. The Act establishes a mechanism through which individuals with knowledge of fraud can disclose the information without fear of reprisal. The Act is also meant to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

pulmonary rehabilitation programs in accordance with Medicare rules and regulations cited above.

23. At North Memorial, six sessions of cardiac rehabilitation were conducted daily - three in the morning and three in the afternoon. In each session, there were approximately 2-3 staff members present and 10 participants. Upon Mr. Dunn's information and belief, individuals participating in the cardiac rehabilitation program were generally scheduled to attend approximately 30 sessions. The cardiac rehabilitation and pulmonary rehabilitation services at North Memorial were performed in an outpatient setting, which was in a separate building that was connected to the main hospital.

24. Although required pursuant to 42 C.F.R. §§410.47 and 410.49 of the Federal Medicare Program, the physicians at North Memorial were not personally seeing the patients in the cardiac or pulmonary rehabilitation programs in order to assess the course of treatment and the patient's progress. Mr. Dunn learned this after speaking with the various North Memorial staff as well as from reviewing the physicians' schedules. Mr. Dunn regularly heard complaints from the cardiac rehabilitation staff, including their director, that they could not find physicians to answer questions regarding cardiac or pulmonary rehabilitation patients.

25. Despite awareness that the cardiac and pulmonary rehabilitation programs did not comply with the requisite Medicare regulations, Defendants knowingly submitted and continues to submit false or fraudulent claims to Medicare for payment for services provided through these programs in violation of 31 U.S.C. §3729, *et seq.* of the False Claims Act.

## VII. DEMAND FOR JURY TRIAL

26. Plaintiff demands a jury trial.

Respectfully submitted,

**/s/ Robert C. Hilliard**

Robert C. Hilliard
Texas State Bar No. 09677700
HILLIARD MUÑOZ GONZALES, LLP
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, TX 78401
Telephone No.: (361) 882-1612
Facsimile No.: (361) 882-3015
bobh@hmglawfirm.com

**ATTORNEY IN CHARGE FOR RELATOR**

**OF COUNSEL:**

**/s/ Catherine D. Tobin**

Catherine D. Tobin
Texas State Bar No. 24013642
HILLIARD MUÑOZ GONZALES, LLP
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, TX 78401
Telephone No.: (361) 882-1612
Facsimile No.: (361) 882-3015
catherine@hmglawfirm.com

**/s/ Daniel M. Homolka**

Daniel M. Homolka
State Bar No. 136505
DANIEL M. HOMOLKA, PA
2020 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone No.: (612) 341-2433
Facsimile No.: (612) 341-2423
dan@lommen.com